UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| SAMUEL IMANUEL WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-3 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| PATRICIA L. CARUSO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). In addition, "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint against Defendants Michael A. Cox and Patricia L. Caruso for failure to state

a claim, and against Defendant Monica Stafford for failure to exhaust available administrative remedies.

## Discussion

I.    Factual Allegations

Plaintiff is presently incarcerated at Riverside Correctional Facility.  In his *pro se* Complaint, he sues Patricia L. Caruso, Director of the Michigan Department of Corrections ("MDOC"); Michael A. Cox, Michigan Attorney General; and Monica Stafford, dentist and administrative staff person at the Riverside Correctional Facility.

Plaintiff claims that on December 25, 2003, he sustained an injury to his mouth and gums from an accidental fall, which caused one tooth to loosen and eventually break.  His injury was immediately logged and photographed at the control center, but he did not receive medical treatment until 12 days after the injury occurred.  When he finally received treatment from Defendant Stafford, a staff dentist at the Riverside Correctional Facility, Defendant Stafford allegedly: (a) refused to treat him for the infection that had developed in his mouth; and (b) gave him a shot with an unclean hypodermic needle which caused Plaintiff to become infected with Hepatitis-C.  Since being diagnosed with Hepatitis-C, Plaintiff has allegedly been refused proper and adequate medical treatment for the condition.

On September 27, 2005, Plaintiff filed a Step I grievance against the "Health Care Department" complaining that he was not receiving adequate medical treatment.[1]  Plaintiff appealed the response to his grievance directly to Step III.

---

[1] Grievance No. RCF-05-01-2950-12D. Compl. Attach. #1.

- 2 -

For relief, Plaintiff requests damages in the amount of 7.5 million dollars, and an order directing the MDOC to provide him with adequate medical treatment for Hepatitis-C.

## II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte*.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

Plaintiff's claim of inadequate medical care is the type of claim that may be grieved through the three-step prison grievance process.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (prisoner may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective Dec. 19, 2003).  A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[2]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

---

[2]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has used the form complaint for the Eastern District of Michigan.

- 3 -

In order to properly exhaust, a prisoner must raise each of his claims for the first time at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Plaintiff filed a grievance concerning the medical care he has received since being diagnosed with Hepatitis-C. However, a prisoner must also "administratively exhaust his . . . claim as to each defendant associated with the claim." *Id.*; *accord Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [MDOC] grievance process." *Burton*, 321 F.3d at 574. Plaintiff failed to name any of the Defendants at Step I of the grievance process.

Further, a plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Brown*, 139 F.3d at 1103 (prisoners "must allege and show that they have exhausted all available state administrative remedies"); *accord Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at *1 (6th Cir. Aug. 13, 1999) (dismissal of claim for lack of exhaustion was appropriate where prisoners failed to complete the review process before bringing their lawsuit); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *1 (6th Cir. Dec. 17, 1998)

("Furthermore, even though Larkins may not have aborted the grievance procedure regarding the ninth cause of action raised in his complaint, such grievance was not resolved prior to the filing of either his complaint or amended complaint and, consequently, is unexhausted."); *Tucker v. McAninch*, No. 97-3880, 1998 WL 552940, at *2 (6th Cir. Aug. 13, 1998) (plaintiff failed to complete the administrative process when he had grieved and appealed to the warden, but had one more appeal remaining to the director of the department). Because Plaintiff did not submit to the Court a response to his Step III appeal, or indicate that he had received a response at the time he filed his Complaint, the Court finds that Plaintiff has failed to demonstrate that he has exhausted his available administrative remedies against Defendants Caruso or Stafford.

Defendant Cox is not employed by the MDOC. Plaintiff therefore cannot exhaust his claims against Defendant Cox through the MDOC three-step grievance process. As Plaintiff does not have an available administrative remedy to satisfy the exhaustion requirement against Defendant Cox, his claims against Defendant Cox are exhausted.

It is not clear whether Plaintiff may still grieve his claims against Defendants Caruso or Stafford. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ G(4) (effective Dec. 19, 2003). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one

complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Moreover, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit."  *Freeman*, 196 F.3d at 645.  The administrative process must be complete before the prisoner files an action in federal court.  *Id.*  Accordingly, the Court must generally dismiss an action without prejudice for failing to exhaust available administrative remedies.  *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).  However, courts need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1104.  Because Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants Caruso or Cox, the Court will dismiss this action without first requiring Plaintiff to exhaust any available administrative remedies as to these Defendants.

### III.    Eleventh Amendment immunity

Plaintiff, seeking compensatory damages and injunctive relief, is suing Defendants solely in their official capacities.  The Eleventh Amendment prohibits suits in federal court against the state or any of its agencies or departments.  *Pennhurst State Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984).  A state and its departments are immune under the Eleventh Amendment if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.  *See Id.*; *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996); *Alabama*

*v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress

has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S.

332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.

*Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The states' Eleventh Amendment sovereign

immunity applies to actions against state officials sued in their official capacity for money damages.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brandon v. Holt*, 469 U.S. 464, 469

(1985) (noting that official capacity suits represent an action against the entity employing the

officer); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Rodgers v. Banks*, 344 F. 3d 587, 594 (6th

Cir. 2003). Therefore, the Eleventh Amendment bars Plaintiff's suit to the extent he seeks money

damages.

While the Eleventh Amendment bars suits seeking money damages against state

officials, it does not bar suits seeking injunctive or declaratory relief against state officials for

ongoing federal law violations. *Will*, 491 U.S. at 71 n.10; *Kentucky v. Graham*, 473 U.S. 159, 169

n.18 (1985); *Ex parte Young*, 209 U.S. 123, 155-56 (1908) (federal court may enjoin state officials

who violate the federal Constitution). Accordingly, Plaintiff is not precluded from pursuing his

claim for an order directing Defendants to provide him with proper medical treatment.

IV.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

- 7 -

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Plaintiff complains that he is being refused proper medical care and treatment for a serious physical condition. It is well established that deliberate indifference to a prisoner's serious medical needs constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Krych v. Hvass*, 83 Fed. App. 854, 855 (8th Cir. 2003); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D. N.Y. 1999); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996).  Plaintiff merely alleges that Defendant Cox was negligent by failing and refusing to provide Plaintiff with proper medical care. The absence of any allegations of a specific act or conduct on the part of Defendant Cox compels the dismissal of the complaint against him.

Plaintiff's only allegation pertaining to Defendant Caruso is that she ignored the request for proper medical treatment set forth in Plaintiff's grievance. A party cannot be held liable under section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct."). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene,* 310 F.3d at 899; *Shehee,* 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), or simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300. Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987). Because Plaintiff failed to allege facts demonstrating, or giving rise to a reasonable inference, that Defendant Caruso actively engaged in any unconstitutional behavior, he fails to state a claim against Defendant Caruso.

- 9 -

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff has failed to exhaust his available administrative remedies as to Defendants Caruso and Stafford, and further, Plaintiff's action fails to state a claim against Defendants Caruso and Cox and will therefore be dismissed as to these Defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e (c).  The Court will dismiss the Complaint without prejudice as to Defendant Stafford for failure to exhaust administrative remedies.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

                                         /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:            RICHARD ALAN ENSLEN
     February 22, 2006             SENIOR UNITED STATES DISTRICT JUDGE