UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL IMANUEL WEBB, | ) |
| Plaintiff, | ) Case No. 1:06-cv-3 |
| v. | ) |
| | ) Honorable Richard Alan Enslen |
| PATRICIA L. CARUSO, *et al.*, | ) |
| Defendants. | ) |

## **ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On February 22, 2006, the Court issued an Opinion and Judgment dismissing Plaintiff's Complaint with prejudice against Defendants Patricia L. Caruso and Michael A. Cox for failure to state a claim upon which relief may be granted, and without prejudice as to Defendant Monica Stafford for failure to exhaust available administrative remedies. This matter now is before the Court upon Plaintiff's Motion for Reconsideration, which the Court construes as a motion for relief from judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]

---

[1] Plaintiff initially filed his Complaint in the United States District Court for the Eastern District of Michigan. *Webb v. Caruso*, 4:05-cv-40370 (E.D. Mich). The case was transferred to this Court on January 3, 2006, commencing the present action. Plaintiff mistakenly filed his motion for reconsideration in the Eastern District of Michigan in case number 4:05-cv-40370. On June 29, 2006, the Eastern District of Michigan transferred the motion to this Court. The motion was inadvertently docketed as a new case. *Webb v. Caruso*, 1:06-cv-452 (W.D. Mich.). By Order entered on July 31, 2006, case number 1:06-cv-452 was dismissed, and the Motion for Reconsideration was correctly filed in the present case.
   A motion under Rule 59(e) must be filed within ten days of entry of judgment. Plaintiff dated his motion March 3, 2006, and it was docketed by the Clerk of the Eastern District of Michigan on March 10, 2006. Thus, it must have been handed to prison officials for mailing at some time between March 3, 2006 and March 10, 2006. For purposes of this motion, the Court gave Plaintiff the benefit of the earliest possible filing date.

As the Sixth Circuit summarized in *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir. 1990); *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. Plaintiff claims that the Court's decision rests on clear errors of law.

Plaintiff first argues that the Court failed to apply the exceptions to the exhaustion requirement. In support of this argument, Plaintiff cites to cases decided by the Michigan state courts, addressing state law issues. The exhaustion question in this case is governed by federal law. The Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), mandates that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See* 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). Plaintiff failed to name any of the Defendants at Step I of the grievance process. In addition, Plaintiff did not submit a response to his Step III appeal, or establish that he had received a response at the time he

filed his Complaint, or that the time for receiving a response had passed. Accordingly, the Court finds no error in its previous decision regarding exhaustion of available administrative remedies.

Plaintiff's second argument is that the Eleventh Amendment does not bar a suit against a state because service on a state is provided for in the Federal Rules of Civil Procedure. The argument has no merit. Federal law on Eleventh Amendment immunity is well established. The Court thoroughly addressed the Eleventh Amendment issue in its previous Opinion and finds no error in its decision.

Plaintiff fails to demonstrate that he is entitled to relief for any of the reasons set forth in Rule 59(e). Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 10) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    August 21, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |