UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL WEBB,

    Plaintiff,                      Hon. Paul L. Maloney

v.                                        Case No. 1:06-CV-3

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Stafford's Motion for Summary Judgment. (Dkt. #31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On or about December 25, 2003, Plaintiff "was seriously injured in a slip and fall injury that involved the sudden awak[en]ing from sleep due to a nightmare." As a result, Plaintiff suffered "the injury and loss of one front incisor tooth [and] the chronic injury to my big front tooth." Because the Health Care Facility was closed from Christmas Eve through New Year's Day, Plaintiff was deprived of medical treatment for his injury for twelve days. Plaintiff was eventually treated by dentist, Monica Stafford, by which time Plaintiff had developed an infection. Stafford, however, failed to treat Plaintiff's "infected wound prior

to surgery" and, moreover, refused to prescribe antibiotics to Plaintiff following surgery. Furthermore, Plaintiff contracted Hepatitis-C when Stafford injected Plaintiff with an unclean hypodermic needle.

Plaintiff initiated this action on January 3, 2006, alleging that Monica Stafford's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also asserted claims against Patricia Caruso, former Director of the Michigan Department of Corrections, and Mike Cox, former Michigan Attorney General, for failure to properly treat his Hepatitis-C. On February 22, 2006, the Honorable Richard Alan Enslen issued an Opinion and Judgment dismissing Plaintiff's claims against Defendants Caruso and Cox for failure to state a claim on which relief may be granted and dismissing without prejudice Plaintiff's claim against Defendant Stafford on the ground that Plaintiff had failed to demonstrate that he exhausted his administrative remedies as to Stafford. (Dkt. #8-9). The matter was appealed to the Sixth Circuit which affirmed the dismissal of Plaintiff's claims against Defendants Caruso and Cox. With respect to Plaintiff's claims against Defendant Stafford, however, the court reversed based on the intervening decision by the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007), that exhaustion of administrative remedies was an affirmative defense on which Stafford bore the burden. (Dkt. #21). Defendant Stafford now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini*

*v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**I.         Exhaustion**

Defendant Stafford first asserts that she is entitled to relief because Plaintiff has failed to properly exhaust any of the claims asserted against her.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the

integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

In support of her argument, Defendant Stafford has submitted absolutely no evidence, but instead merely asserts that the grievance Plaintiff submitted with his complaint fails to demonstrate that he exhausted his Eighth Amendment claim against her. The grievance attached to Plaintiff's complaint was filed on September 27, 2005, and concerns an incident that occurred on September 26, 2005, more than eighteen months after Plaintiff was treated by Defendant Stafford. This particular grievance clearly does not exhaust Plaintiff's Eighth Amendment claim against Defendant Stafford. Such does not, however, by itself, entitle Defendant Stafford to relief.

Failure to exhaust administrative remedies is an affirmative defense on which Defendant Stafford bears the burden. As previously noted, to prevail on this affirmative defense, Stafford "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Stafford is not entitled to relief if "the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt*, 526 U.S. at 553. Defendant's efforts do not satisfy this standard. While Stafford has demonstrated that the grievance attached to Plaintiff's complaint fails to exhaust the claim against her, she has failed to submit any evidence that Plaintiff did not file any other grievances which may have properly exhausted the claim in question. Demonstrating that one particular grievance fails to properly exhaust a particular claim is quite distinct from establishing that the claim in question has not been properly exhausted. Accordingly, the undersigned recommends that Defendant Stafford's motion to dismiss Plaintiff's claims for failure to exhaust administrative remedies be denied.

**II.**     **Qualified Immunity**

Plaintiff asserts that Defendant Stafford failed to treat his infection, refused to prescribe necessary medication, and infected him with Hepatitis-C. Defendant Stafford argues that she is entitled to qualified immunity because she "did not violate a clearly established constitutional right."

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated. *Id.* Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve. *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity. *See Callahan*, 129 S.Ct. at 816. On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted. The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right." *Id.* The

inquiry whether a particular right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009) (citing *Saucier*, 533 U.S. at 201). The contours of the right in question "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Saucier*, 533 U.S. at 202). The focus of this inquiry is "on whether the officer had fair notice that her conduct was unlawful." *Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005).

Where neither the motion for qualified immunity nor the opposition thereto is supported by evidence, the first step of the qualified immunity analysis focuses on the allegations in the plaintiff's complaint and whether such state a claim for violation of the plaintiff's constitutional rights. If, on the other hand, the motion for qualified immunity and/or the opposition thereto are supported by evidence, such must be considered pursuant to the summary judgment standard articulated above. Thus, if the evidence submitted by the parties demonstrates the existence of a genuine factual dispute, the resolution of which is essential to determining whether the defendant violated the plaintiff's constitutional rights, qualified immunity is not warranted. However, if the evidence establishes that the defendant did not violate the plaintiff's constitutional rights, qualified immunity is appropriate. *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007) (officer entitled to qualified immunity where evidence was such that "no reasonable jury" could have concluded that officer violated the plaintiff's constitutional rights). Likewise, if the right in question was not "clearly established" at the time the defendant acted, the defendant is entitled to qualified immunity.

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself." *Fisher*, 398 F.3d at 845

(quoting *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177-78 (6th Cir. 1988)).  In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting." *Fisher*, 398 F.3d at 845-46 (quoting *Seiter*, 858 F.2d at 1177).  A single idiosyncratic opinion from another circuit's court of appeals, however, is insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question.  *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

In determining whether a defendant is entitled to qualified immunity, the focus is on the objective legal reasonableness of her actions in light of clearly established law as it existed when she engaged in the challenged conduct.  *See Anderson*, 483 U.S. at 640; *Harlow*, 457 U.S. at 818; *Fisher*, 398 F.3d at 845.  Accordingly, the Court must determine "whether it would be clear to a reasonable officer that [her] conduct was unlawful in the situation [she] confronted." *Fisher*, 398 F.3d at 845 (quoting *Saucier*, 533 U.S. at 202).

Finally, while it "is often appropriate" to evaluate qualified immunity claims by analyzing the two analytical steps in sequence, such is no longer mandated.  *See Callahan*, 129 S.Ct. at 818.  As the *Callahan* Court stated, "[t]he judges of the district courts. . .should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

Defendant Stafford has not supported her motion with any evidence, thus the Court must first determine whether the allegations in Plaintiff's complaint state a claim on which relief may be granted.  Plaintiff's allegations that Defendant Stafford failed to treat his infection, refused to prescribe

necessary medication, and infected him with Hepatitis-C all state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Moreover, a reasonable person would have understood that engaging in such activity constituted a violation of Plaintiff's Eighth Amendment rights. The undersigned, therefore, recommends that Defendant Stafford is not entitled to qualified immunity.

**III.**     **Eleventh Amendment Immunity**

Plaintiff expressly states in his complaint that he is suing Defendant Stafford in her official capacity only and is seeking monetary and injunctive relief. Defendant Stafford asserts that she is entitled to immunity under the Eleventh Amendment as to those claims asserted against her in her official capacity.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir.

2004). An action asserted against a State official in her official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in her official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Accordingly, to the extent Plaintiff is asserting claims for monetary relief against Defendant Stafford in her official capacity, the undersigned recommends that such claims be dismissed. To the extent, however, that Plaintiff is seeking injunctive relief, the undersigned recommends that Defendant Stafford's motion be denied.[1]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Stafford's Motion for Summary Judgment, (dkt. #31), be **granted in part and denied in part** as detailed herein. Specifically, the undersigned recommends that: (1) Defendant's motion to dismiss Plaintiff's claims for failure to exhaust administrative remedies be denied; (2) Defendant's motion for qualified immunity be denied; and (3) Defendant's motion for Eleventh Amendment immunity be granted as to Plaintiff's claims for monetary relief and denied as to Plaintiff's claims for injunctive relief.

---

[1] The Court offers no opinion as to whether Plaintiff's claim for injunctive relief may be moot or otherwise subject to dismissal based on events subsequent to the filing of the present action or the events giving rise to such. Defendant has neither advanced such an argument nor submitted evidence from which such a determination can be made.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: February 21, 2012        /s/ Ellen S. Carmody
        ELLEN S. CARMODY
        United States Magistrate Judge